Honorable William L. Dixon

1
2
3
4
5
6
7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

8
9

10
11
12
13
14
15
16
17
18
19
20
21
22
23

LAN CAI, SHUJIE CHEN, TIANRAN
CHEN, WEIJUN CHEN, JIE CHU,
ZHAOJUN CONG, HE CUI, JIANYING
DING, JICHUN DU, QING DU, JIEYING
FENG, YUPENG GAO, YIRAN HAN,
JINYANG HU, NAIXIN HU, XIAO
HUANG, JUNMEI JIN, XIN MENG,
WEIHONG LU, YUANYUAN MA, MIN
PAN, LEI PEI, HAO QI, XIAO RONG,
JUAN SHAO, HUI WANG, JINGYI WANG,
YUQUAN WANG, ZIDONG WANG,
RONGRONG WU, ZHAOHUI XU, QI XU,
JIE YAN, KE YANG, QIN YANG,
HONGYUN YU, SHUXIAN ZENG,
XIAOHONG ZHANG, YING ZHAO,
MINBO ZHOU, NAN ZHOU, HUIQING
ZHU, ZILING ZENG, LUYI ZHANG, JUNDI
LIANG, TAO LI, YUN CAI, HONGLIANG
TANG, JIE TANG, WENLUNG CHEN, SHI
ZHANG, JUN CHE, DAHE ZHANG, SHAN
WAN, XIAOHONG SUN, YAN LYU A/K/A
YAN LU, WENYAN WANG, JIALIN TIAN,
RUI TANG, XINHAN LIN, SIYU LIU,
JIANYING MENG, PHUONG NGUYEN,
YEQING PAN, XUERONG QI, QIANG
WANG, JUNLI WEI, YUNFEI WU,
HONGYING YU, DONGLI ZHANG,

No. 24-2-04850-2

**THIRD AMENDED
COMPLAINT**

*Clerk's Action Required*

24

Plaintiffs,

25

v.

26



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
(206) 428-3250

| | |
|---|---|
| 1 | MICHAEL CHRIST, SEATTLE FAMILY, |
| 2 | LP, SOUTHPORT MANAGEMENT LLC, HOTEL AT SOUTHPORT, LLC, TWELFTH |
| 3 | FLOOR, LLC, 1 MIN, LLC, SECO DEVELOPMENT, INC.; JOHN DOES 1-10; |
| 4 | DOE ENTITIES 1-10, |
| 5 | Defendants. |

Plaintiffs Lan Cai, Shujie Chen, Tianran Chen, Weijun Chen, Jie Chu, Zhaojun Cong, He Cui, Jianying Ding, Jichun Du, Qing Du, Jieying Feng, Yupeng Gao, Yiran Han, Jinyang Hu, Naixin Hu, Xiao Huang, Junmei Jin, Xin Meng, Weihong Lu, Yuanyuan Ma, Min Pan, Lei Pei, Hao Qi, Xiao Rong, Juan Shao, Hui Wang, Jingyi Wang, Yuquan Wang, Zidong Wang, Rongrong Wu, Zhaohui Xu, Qi Xu, Jie Yan, Ke Yang, Qin Yang, Hongyun Yu, Shuxian Zeng, Xiaohong Zhang, Ying Zhao, Minbo Zhou, Nan Zhou, Huiqing Zhu, Ziling Zeng, Luyi Zhang, Jundi Liang, Tao Li, Yun Cai, Hongliang Tang, Jie Tang, Wenlung Chen, Shi Zhang, Jun Che, Dahe Zhang, Shan Wan, Xiaohong Sun, Yan Lyu a/k/a Yan Lu, Wenyan Wang, Jialin Tian, Rui Tang, Xinhan Lin, Siyu Liu, Jianying Meng, Phuong Nguyen, Yeqing Pan, Xuerong Qi, Qiang Wang, Junli Wei, Yunfei Wu, Hongying Yu, and Dongli Zhang, (collectively "Plaintiffs," each a "Plaintiff"), directs the clerk to update the named plaintiffs in this matter and alleges the following against Michael Christ, Seattle Family, LP ("General Partner"), Southport Management LLC, Hotel At Southport, LLC ("Borrower"), Twelfth Floor, LLC, 1 Min, LLC, Seco Development, Inc. ("Developer"); John Does 1-10; and Doe Entities 1-10 (collectively "Defendants," each a "Defendant").

## **NATURE OF THE ACTION**

1.     This Complaint arises out of Defendants' fraudulent inducement of Plaintiffs to invest in Southport Hotel EB-5 LP ("Partnership"), and their subsequent breach of fiduciary duties owing to Plaintiffs.

2.     Plaintiffs are seventy (70) foreign investors who sought to immigrate to the United States by each investing $500,000 in or about 2014 and 2015 to become limited

THIRD AMENDED COMPLAINT
Case No, No. 24-2-04850-2 - Page 2



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
Ph (206) 428-3250

partners of the Partnership in connection with their immigration petitions for a green card under the U.S. Government's EB-5 investor immigration program ("EB-5 Program").

3. Under the EB-5 Program, a foreign investor has the right to receive a green card if he or she invests $500,000 into a qualified project in the United States and his or her investment is used to create at least 10 jobs for the U.S. economy.

4. Defendant Michael Christ owns, controls, and manages all of the Defendant entities, and through control of the General Partner, he manages the Partnership.

5. As part of their investment agreement, Defendants represented to Plaintiffs, among other things, that their investment funds would be used by the Partnership as a loan ("EB-5 Loan") to Borrower, an entity owned, managed and controlled by Michael Christ, to develop a 12-story Hyatt Regency Hotel with 347 guest rooms in Renton, Washington ("Project").

6. The Project is located at 1053 Lake Washington Boulevard North, Renton, Washington 98056, with Parcel ID 0523059075 ("Land"). Borrower owns the Land, and Defendants contributed the Land as equity to the Project.

7. Defendants represented to Plaintiffs that the EB-5 Loan would be secured by a deed of trust ("EB-5 Deed of Trust") on the Land, so that their investments would be senior to the Defendants' equity in the Project.

8. Defendants also represented to Plaintiffs that the EB-5 Deed of Trust would only be subordinated to a senior construction loan of no more than $19 million.

9. After Plaintiffs made the investments, however, Defendants withdrew their equity and took additional money from the Project, totaling at least $35.3 million, and replaced their equity with construction loans up to $130 million that are senior to the EB-5 Loan.

10. Defendants defaulted under the senior loans, leaving Plaintiffs with the risk of losing all or almost all of their investments.

THIRD AMENDED COMPLAINT
Case No, No. 24-2-04850-2 - Page 3

ARÊTE LAW GROUP

1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
Or (206) 428-3250

11.     Plaintiffs Lan Cai, Shujie Chen, Tianran Chen, Weijun Chen, Jie Chu, Zhaojun Cong, He Cui, Jianying Ding, Jichun Du, Qing Du, Jieying Feng, Yupeng Gao, Yiran Han, Jinyang Hu, Naixin Hu, Xiao Huang, Junmei Jin, Xin Meng, Weihong Lu, Yuanyuan Ma, Min Pan, Lei Pei, Hao Qi, Xiao Rong, Juan Shao, Hui Wang, Jingyi Wang, Yuquan Wang, Zidong Wang, Rongrong Wu, Zhaohui Xu, Qi Xu, Jie Yan, Ke Yang, Qin Yang, Hongyun Yu, Shuxian Zeng, Xiaohong Zhang, Ying Zhao, Minbo Zhou, Nan Zhou, Huiqing Zhu, Ziling Zeng, Luyi Zhang, Jundi Liang, Tao Li, Yun Cai, Hongliang Tang, Jie Tang, Wenlung Chen, Shi Zhang, Jun Che, Dahe Zhang, Shan Wan, Xiaohong Sun, Yan Lyu a/k/a Yan Lu, Wenyan Wang, Jialin Tian, Rui Tang, Xinhan Lin, Siyu Liu, Jianying Meng, Phuong Nguyen, Yeqing Pan, Xuerong Qi, Qiang Wang, Junli Wei, Yunfei Wu, Hongying Yu, and Dongli Zhang are foreign investors. They each signed a Subscription Agreement and Limited Partnership Agreement ("LPA" or "Partnership Agreement") and paid a subscription price of $500,000, plus an administration fee of $50,000, to become limited partners in the Partnership in connection with his or her EB-5 immigration visa application.

12.     Defendant Michael Christ is an individual with his place of business at 1133 Lake Washington Blvd. N, Suite 80, Renton, WA 98056, and with his place of residence at 1100 22nd Ave E, Seattle, WA 98112.

13.     At all times relevant herein, Michael Christ controls and manages the other Defendants.

14.     Defendant Seattle Family, LP is a Washington limited liability company with its principal place of business located at 1133 Lake Washington Blvd. N, Suite 80, Renton, WA 98056. It is the sole general partner of the Partnership. It is controlled and managed by defendant Michael Christ.

15.     Defendant Southport Management LLC, formerly known as Southport Hotel Management LLC, is a Washington limited liability company with its principal place of

THIRD AMENDED COMPLAINT
Case No, No. 24-2-04850-2 - Page 4

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
Ph (206) 428-3250

24-01519-FPC11    Doc 155    Filed 01/22/25    Entered 01/22/25 09:28:58    Pg 4 of 23

business located at 1133 Lake Washington Blvd. N, Suite 80, Renton, WA 98056. It is the sole general partner of the General Partner. It is owned, controlled, and managed by defendant Michael Christ.

16.     Defendant Hotel at Southport LLC is a Delaware limited liability company with its principal place of business located at 1133 Lake Washington Blvd. N, Suite 80, Renton, WA 98056. It is the successor-in-interest to Hotel at Southport LLC, a Washington limited liability company. It is the owner of the Land.

17.     Defendant Twelfth Floor, LLC is a Delaware limited liability company with its principal place of business located at 1133 Lake Washington Blvd. N, Suite 80, Renton, WA 98056. It 100% owns Borrower, and it is 100% owned by defendant 1 Min, LLC.

18.     Defendant 1 Min, LLC is a Washington limited liability company with its principal place of business located at 1133 Lake Washington Blvd. N, Suite 80, Renton, WA 98056. It 100% owns defendant Twelfth Floor, and it is 100% owned by defendant Michael Christ.

19.     Defendant Seco Development, Inc. is a Washington corporation with its principal place of business located at 1133 Lake Washington Blvd. N, Suite 80, Renton, WA 98056. It is 100% owned by defendant Michael Christ. It is the manager of defendant Borrower, the manager of defendant 1 Min LLC, and the manager of defendant Southport Management LLC.

20.     Defendants JOHN DOES 1-10 and DOE ENTITIES 1-10 (collectively "Doe Defendants") are persons, partnerships, corporations, or other entities whose names and identities are presently unknown to Plaintiffs, and who may have some involvement in and/or in some way be liable for the wrongdoing inflicted upon Plaintiffs. Plaintiffs will identify such Doe Defendants when and if their names and capacities are ascertained.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction under RCW 2.08.010.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
Ph (206) 428-3250

22. This Court has jurisdiction over the parties, as all Defendants have a place of business in the State of Washington and as the cause arose in this State.

23. Venue is proper as all parties signed or are otherwise bound by the Partnership Agreement, either as an individual or as a member of an entity subject to the Partnership Agreement, which expressly provides that jurisdiction and venue of any legal proceeding concerning the Partnership Agreement shall be in King County, Washington.

## FACTUAL BACKGROUND

### I. The EB-5 Program

24. The EB-5 program was created by the U.S. Congress in 1990 to stimulate the U.S. economy through job creation and capital investment by foreign investors.

25. The EB-5 Program, administered by the United States Citizenship and Immigration Services ("USCIS"), permits qualified foreign investors to obtain immigration visas and to apply for green cards if they invest in certain commercial enterprises that meet certain qualifications, including, but not limited to, the creation or preservation of at least ten jobs per investor. (*See generally* www.uscis.gov/eb-5.)

26. Generally, a business that seeks to raise funds through the EB-5 Program will form a new commercial enterprise, such as the Partnership here, and will solicit foreign investors seeking to immigrate to the United States to become investors in such new commercial enterprise.

27. Businesses view the EB-5 Program as a low-cost source of financing, as the interest rate paid to EB-5 investors is significantly lower than paid through other forms of financing.

28. After the investors subscribe to become limited partners and make the required investment, they file a Form I-526 Immigration Petition for Entrepreneur ("I-526 Petition") with USCIS to show, based on a business plan and supporting documents submitted by the partnership, that the investment will satisfy EB-5 requirements. *See* 8 U.S.C. § 1153(b)(5);

THIRD AMENDED COMPLAINT
Case No. No. 24-2-04850-2 - Page 6



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1  8 C.F.R. § 204.6(a), (j). Upon approval of the I-526 Petition, USCIS will grant the investor

2  conditional permanent residency, often known as a "conditional green card." 8 U.S.C. § 1186

3  b(a)(1).

4      29.    Within two years after receiving a conditional green card, the investor must

5  file with USCIS a Form I-829 Petition by Entrepreneur to Remove Conditions on Permanent

6  Resident Status to prove that the investor satisfied the investment and job creation

7  requirements of the EB-5 Program, at which time the investor's green card becomes

8  permanent. 8 U.S.C. § 1186b(c); 8 C.F.R. § 216.6(a) and (c).

9  **II.    Plaintiffs' Investment In The Project**

10     30.    The Partnership in this case is an investment vehicle formed by the Defendants

11  purportedly for the purpose of providing EB-5 financing for the development, construction,

12  and operation of the Project.

13     31.    In or about November 2013, the Defendants began soliciting foreign investors,

14  including the Plaintiffs, to participate in the EB-5 Program to raise capital to fund the Project.

15     32.    To facilitate the EB-5 capital raising, Defendants prepared and issued offering

16  documents for the Partnership, including a Private Placement Memorandum ("PPM"); a

17  Subscription Agreement; the LPA; a Business Plan; and loan agreement between the

18  Partnership and the Borrower ("Loan Agreement") (collectively, the "Offering Documents").

19     33.    Defendant Michael Christ signed the Subscription Agreement and the LPA as

20  the Member of the General Partner.

21     34.    Plaintiffs were provided with these Offering Documents, which offered each

22  of them the opportunity to invest a subscription amount of $500,000 in the Partnership and

23  to pay an administration fee of $50,000 to become a Limited Partner.

24     35.    The Offering Documents were provided to the Plaintiffs as a single package,

25  cross-referencing and incorporating each other by reference to form an integrated contract.

26

THIRD AMENDED COMPLAINT
Case No, No. 24-2-04850-2 - Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
Ph (206) 428-3250

36.     The Offering Documents contained material promises and representations regarding the investment in the Partnership.

37.     Among other things, the Plaintiffs were promised that their subscription funds would be loaned to the Borrower to develop the Project, that the EB-5 Loan would be secured by the EB-5 Deed of Trust on the Land, that the Defendants contributed the Land to the Project as their equity, and that the EB-5 Loan would be senior to Defendants' equity interests and would only be subordinated to a senior construction loan up to $19 million.

38.     The Offering Documents provide that the "[t]otal project cost is $134,571,760", that "[u]p to $115.5 million of the Project cost will be funded by [the EB-5 Loan]," and that the "[a]dditional funding for the project is $19 million in traditional construction loan financing []and/or additional investment by Michael Christ and investors."

39.     The Offering Documents provide that the EB-5 Loan funds would pay 86% of the total costs for the Project development, and funds from other sources, including the potential senior construction loan, would pay the other 14% of costs.

40.     Relying on the representations in the Offering Documents, in or about 2014 and 2015, each Plaintiff signed the Subscription Agreement and the Partnership Agreement, and paid a subscription price of $500,000 and an administration fee of $50,000.

41.     Among the Offering Documents, the wiring instructions in the "First Amendment to the Private Placement Memorandum Dated as of November 13, 2014" ("First Amendment to PPM") required investors "to wire their Capital Contributions directly to [the Partnership]" to an East West Bank account ending in 4066 held in the name of "Seattle Family LP dba Michael Christ."

42.     The offering was concluded in late 2016, and the Partnership eventually raised $99.5 million EB-5 capital from 199 foreign investors, including $29.5 million raised from the 59 Plaintiffs.[1]

---

[1] Defendants initially planned to raise up to $115.5 million from EB-5 investors, but they eventually raised only $99.5 million in EB-5 funds.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
Ph (206) 428-3250

43.     The Project began construction in October 2014. The construction was completed and, according to Defendants, the hotel opened in July 2017.

### III.   Books And Records Demand

44.     Although the Defendants disclosed to the Plaintiffs in a Project status report that the EB-5 Loan was subordinated to a senior loan that Defendants obtained in 2017, the Defendants did not disclose the amount of the senior loan until January 2023. Plaintiffs understood that Defendants had previously represented that the senior loan would not exceed $19 million and had no reason to believe at the time that Defendants had lied to them.

45.     However, in a status report Defendants provided to Plaintiffs in January 2023, Defendants disclosed for the first time that the outstanding balance of the senior loan was as high as $130 million, which exceeded the size of the potential senior loan (*i.e.*, up to $19 million) as represented in the Offering Documents more than sixfold.

46.     Defendants disclosed that the maturity date of the senior loan was approaching but that Defendants were unable to refinance it.

47.     Defendants disclosed to the investors, including the Plaintiffs, that they planned to sell the Project, but that the sales proceeds would not be sufficient to repay both the $130 million senior loan and the $99.5 million EB-5 Loan.

48.     Defendants, in the Status Report on the Project dated December 13, 2023, estimated that the Partnership would receive only $11 million from the sale – approximately $108.5 million less than the principal and interest amount owed to the Partnership, and even less than the unpaid interest on the EB-5 Loan.[2]

49.     Astonished by the size of the outstanding balance of the senior loan and the staggering predicted loss on the EB-5 Loan, Plaintiffs initiated an investigation, including serving a books and record demand ("Demand") in December 2023.

50.     Defendants produced some, but not all, of the requested documents.

---

[2] According to Defendants, the outstanding principal of the EB-5 Loan is $99.5 million, and the outstanding interest on the EB-5 Loan is more than $20 million.

THIRD AMENDED COMPLAINT
Case No. No. 24-2-04850-2 - Page 9

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
Ph (206) 428-3250

51.     In response to Plaintiffs' inquiries, Defendants stated that they borrowed $130 million in a senior loan because of unexpected cost increases in developing the Project, which eventually escalated the total development costs to over $250 million.

52.     Defendants stated that because of the cost increase, they first refinanced the Project and obtained a senior construction loan of $73 million in January 2017 ("2017 Loan").

53.     Then, in January 2018, after the hotel had been open for business for six months, Defendants refinanced the Project again. They replaced the 2017 Loan with a $105 million senior construction loan ("2018 Loan").

54.     In November 2019, Defendants again refinanced the Project by replacing the 2018 Loan with a $130 million senior loan ("2019 Loan").

55.     According to Defendants, the 2019 Loan matured on February 10, 2024, and since Defendants were unable to replace it with a new loan, they defaulted on the 2019 Loan.

56.     Plaintiffs questioned how Defendants could have spent over $250 million to develop the Project, as this number far exceeds the reasonable funds needed to develop this 347-room Hyatt Regency Hotel.

57.     Defendants stated that costs increased because Defendants were required to upgrade the original hotel design to satisfy the requirements of the Hyatt Regency brand.

58.     However, according to the First Amendment to PPM provided by the Defendants, the total Project cost, which included the additional costs for upgrading, was $152,479,805.

59.     In fact, according to the Hyatt's Franchise Disclosure Documents, to develop a Hyatt Regency Hotel with 250 to 500 guest rooms, the total investment necessary to develop and begin operation of the hotel ranged from $33,382,500 to $128.5 million in 2015, and from $43,853,500 to $144.59 million in 2017.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
(206) 428-3250

60. In other words, the total cost to develop a 500-room Hyatt Regency Hotel in 2015 should not exceed $128.5 million; and the maximum cost to develop a 500-room Hyatt Regency Hotel in 2017 should be $144.59 million.

61. Therefore, the total costs for Defendants to develop the 347-room Hyatt Regency hotel in this Project could not have been over $250 million.

62. After repeated requests, Defendants eventually produced a Hotel Cost Breakdown.

63. The Hotel cost Breakdown indicates a significant decrease in the Defendants' equity, dropping from $24,498,699.03 in 2017, to $8,685,805.93 in 2018, then to a negative number, -$9,997,709.72, in 2019, and further to -$10,806,759 in 2022.

64. In other words, since 2017, Defendants withdrew their $24.5 million equity and took an additional $10.8 million out of the Project, and replaced these funds with loans senior to the EB-5 Loan.

65. Upon information and belief, Defendants used the $35.3 million funds they took out of the Project for purposes other than the Project.

66. If the Defendants hadn't withdrawn their equity, in the event of insolvency, the EB-5 Loan would have been repaid before Defendants received any distribution.

67. Upon information and belief, at the time of offering, Defendants planned to withdraw their equity and take funds from the Project once they were able to obtain senior loans.

68. Defendants did not disclose this plan to Plaintiffs, knowing that Plaintiffs would not have invested in the Partnership if they had known of Defendants' plan.

69. The Borrower paid about $3 million per year to the Partnership for the interest on the EB-5 Loan.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

70.     The Partnership Agreement allows the General Partner to take only 1/3 of the interest payments, *i.e.*, $1 million per year, as management fees; and the remaining 2/3, *i.e.*, $2 million per year, should be distributed to the EB-5 investors (including Plaintiffs).

71.     Pursuant to Section 5.2 of the Partnership Agreement, the distributions to EB-5 investors should be made quarterly beginning on April 1, 2017, the first calendar quarter after the refinance of the Project that took place in January 2017.

72.     Therefore, from 2017 to 2023, $14 million should have been distributed to the investors.

73.     But investors, including Plaintiffs, have not received any distribution.

74.     Upon information and belief, Defendants took the $14 million funds that were supposed to be distributed to the investors.

75.     As of the present day, the critical financial statements and documents detailing Defendants' financial condition and the Project's costs remain undelivered, including, but not limited to, all financial statements and accounting documents of the Partnership and the Defendants, all loan draw requests Defendants submitted to the senior lenders, all site visit reports with respect to the Project, the loan agreement for the 2017 Loan, and all loan documents for the 2018 Loan.

## IV.     Alter Ego Of Defendants

76.     Defendants are alter egos of each other.

77.     At all times relevant herein, Michael Christ controls and manages the other Defendants.

78.     At all times relevant herein, Michael Christ owns the other Defendants.

79.     At all times relevant herein, Michael Christ has been intentionally using the other Defendants as his instrumentality to commit the wrongs alleged in this Complaint, including, but not limited to, making material misrepresentations to induce Plaintiffs to invest in the Project, concealing his intent to take funds out of the Project and replace the withdrawn



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
(206) 428-3250

1    funds with loans senior to the EB-5 Loan, misusing the Project's funds for purposes unrelated

2    to the Project, releasing the EB-5 Deed of Trust and incurring senior loans for the Defendants'

3    own benefit, and violating the books and records obligations owed to Plaintiffs.

4          80.    Disregarding the corporate veil is necessary and required to prevent the

5    unjustified loss to Plaintiffs.

6          81.    The investors' capital contributions to the Partnership were supposed to be

7    paid to the Partnership' bank account(s), but Michael Christ required the investors to wire

8    their capital contributions directly to an East West Bank account ending in 4066 held in the

9    name of "Seattle Family LP dba Michael Christ."

10         82.    Because the corporate entity has been disregarded by Michael Christ, the

11   separateness of the entity Defendants has ceased to exist.

**COUNT I**
**DIRECT CLAIM FOR FRAUD**
**(Against All Defendants)**

14         83.    Plaintiffs repeat and reallege each and every allegation set forth in the

15   preceding paragraphs as if fully set forth herein.

16         84.    Defendants are alter egos of each other.

17         85.    In the Offering Documents, Defendants misrepresented that the EB-5 Loan

18   would be secured by a Deed of Trust, that the EB-5 Loan would only be subordinate to a

19   senior loan of no more than $19 million, and that Defendants' equity would be subordinate

20   to the EB-5 Loan.

21         86.    Defendants knew these representations to be false because Michael Christ had

22   planned to withdraw funds from the Project after refinance, replace the withdrawn funds with

23   senior loans, and subordinate the EB-5 Loan to the new senior loans.

24         87.    At the time of investment, Defendants concealed their plan to withdraw funds

25   from the Project and replace the funds with senior loans.

26

THIRD AMENDED COMPLAINT
Case No, No. 24-2-04850-2 - Page 13



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
Ph (206) 428-3250

24-01519-FPC11    Doc 155    Filed 01/22/25    Entered 01/22/25 09:28:58    Pg 13 of 23

88.     Defendants made the misrepresentation and concealed their true plan because they intended to induce Plaintiffs to invest in the Project.

89.     Defendants knew that Plaintiffs would not have invested in the Partnership if they had known Defendants' true intent.

90.     Plaintiffs did not know Defendants' true intent, reasonably relied on Defendants' false statements and omissions, and invested in the Project by each paying $500,000 for a capital contribution to the Partnership and $50,000 for administrative fees.

91.     In 2017, Defendants withdrew at least $35 million of their equity contribution and replaced the funds with the 2017 Loan, a loan that was senior to the EB-5 Loan.

92.     To facilitate the 2017 Loan, Defendants released the EB-5 Deed of Trust and did not disclose the release to the Plaintiffs.

93.     Each Plaintiff has been damaged by investing in the Partnership and paying $550,000 when, if the true facts had been disclosed, they would not have done so.

94.     Based on Defendants' fraud, each Plaintiff seeks damages in the amount of $550,000, plus interest.

**COUNT II**
**DIRECT CLAIM FOR BREACH OF FIDUCIARY DUTY**
**(Against All Defendants)**

95.     Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

96.     As a general partner to the Partnership, defendant General Partner owes fiduciary duties to the Partnership and to the limited partners, including Plaintiffs.

97.     As the manager of the General Partner, and as the individual who owns and controls the General Partner, defendant Michael Christ likewise owes fiduciary duties to the Partnership and to the limited partners, including Plaintiffs.

98.     Defendants are alter egos of each other, and therefore owe the same fiduciary duties to the Partnership and to the limited partners, including Plaintiffs.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
Ph (206) 428-3250

99.     Defendants owe fiduciary duties of loyalty and care.

100.    Defendants breached their fiduciary duties by withdrawing their equity contributions, which were junior to the EB-5 Loan, and replacing them with loans senior to the EB-5 Loan.

101.    If the Defendants hadn't withdrawn their equity contributions, in the event of insolvency, the EB-5 Loan would have been repaid before Defendants received any distribution.

102.    Defendants breached their fiduciary duties by taking money from the Project for purposes other than the Project.

103.    If the Defendants hadn't taken the $35.3 million funds from the Project and replaced them with senior loans, they would not have defaulted on the senior loans and would not be at risk of foreclosure.

104.    If the Defendants hadn't released the EB-5 Deed of Trust, the EB-5 Loan would be secured by the Land.

105.    The Defendants breached their fiduciary duties by lying to the Plaintiffs, stating that they incurred the $130 million of senior loans because construction costs increased to over $250 million, while in fact, the Defendants used the senior loans to replace the funds they took from the Project.

106.    Defendants further breached their fiduciary duties to Plaintiffs by concealing their plan to withdraw money from the Project and replace the funds with loans that are senior to the EB-5 Loan.

107.    The Defendants also breached their fiduciary duties to the Plaintiffs by concealing from them the fact that the Borrower had been paying interest on the EB-5 Loan, and by taking the portion of the EB-5 Loan interest payments that should have been distributed to the Plaintiffs totaling $14 million.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
(206) 428-3250

108.   The Plaintiffs have been harmed by Defendants' breach of fiduciary duties in an amount to be determined at trial, but not less than $550,000 each.

109.   In addition to any and all compensatory damages that Plaintiffs are and may be entitled to herein, Plaintiffs also seek an accounting of the Partnership's assets, an accounting of the funds used by Defendants concerning the Project, a constructive trust as appropriate, and disgorgement of any and all profits obtained by Defendants that were the result of the aforementioned breaches of fiduciary duties by the Defendants.

**COUNT III**
**DIRECT CLAIM FOR**
**AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**
**<u>(Against All Defendants Other Than General Partner)</u>**

110.   Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

111.   Defendant General Partner breached their fiduciary duties to the Plaintiffs.

112.   Defendant Michael Christ, as the active wrongdoer, had full knowledge of the ongoing breaches of fiduciary duties by the General Partner.

113.   Defendant Michael Christ significantly aided the General Partner in breaching the fiduciary duties.

114.   Other Defendants, through common control by Michael Christ, significantly aided the General Partner in breaching the fiduciary duties.

115.   Plaintiffs have been harmed by Michael Christ's and the other Defendants' aiding and abetting breach of fiduciary duties in an amount to be determined at trial, but in no event less than $550,000 to each Plaintiff.

116.   In addition to any and all compensatory damages that Plaintiffs are and may be entitled to herein, Plaintiffs also seek an accounting of the Partnership's assets, an accounting of the funds used by Defendants concerning the Project, a constructive trust as



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
(206) 428-3250

1 | appropriate, and disgorgement of any and all profits obtained by Defendants that were the

2 | result of the aforementioned breaches of fiduciary duties by the Defendants.

**COUNT IV**
**DIRECT CLAIM FOR BREACH OF BOOKS-AND-RECORDS OBLIGATIONS**
**(Against All Defendants)**

117. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

118. Plaintiffs demanded that the General Partner provide access to the Partnerships' books and records and produce the requested documents and information.

119. Plaintiffs have the legal right to the requested documents and information.

120. Defendant General Partner, as general partner of the Partnerships, has statutory, contractual, and fiduciary obligations to provide the requested documents and information to Plaintiffs.

121. Defendant General Partner breached its obligations by failing to provide the requested documents and information.

122. Defendant Michael Christ controls the General Partner and has possession, custody and control of the books and record demanded by Plaintiffs.

123. Defendants are alter egos of each other.

124. Plaintiffs respectfully request the Court order Defendants to produce all of the requested documents and information and award legal fees incurred by Plaintiffs resulting from the books and record violation.

**COUNT V**
**DIRECT CLAIM FOR SECURITIES FRAUD**
**(Against All Defendants)**

125. Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

126. RCW 21.20.010 prohibits any person from "employ[ing] any device, scheme, or artifice to defraud," "mak[ing] any untrue statement of material fact," or "omit[ting] a

THIRD AMENDED COMPLAINT
Case No, No. 24-2-04850-2 - Page 17

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
(206) 428-3250

24-01519-FPC11    Doc 155    Filed 01/22/25    Entered 01/22/25 09:28:58    Pg 17 of 23

material fact," "in connection with the offer, sale or purchase of any security." RCW 21.20.010.

127. The equity interests in the Partnership sold to Plaintiffs are securities.

128. Defendants provided Plaintiffs, or caused Plaintiffs to be provided, with Offering Documents that contained a number of material misrepresentations and omissions about the Project.

129. Defendants used means or instrumentalities of interstate commerce, or the mails, to make these misstatements and omissions to Plaintiffs.

130. Defendants, under the common control of Michael Christ, misrepresented that the EB-5 Loan would be secured by the EB-5 Deed of Trust against the Land, that the EB-5 Loan would only be subordinated to a future senior loan of no more than $19 million, and that Defendants' equity would be subordinate to the EB-5 Loan.

131. Defendants, under the common control of Michael Christ, concealed from Plaintiffs the plan to withdraw funds from the Project after refinance, replace the withdrawn funds with senior loans, and subordinate the EB-5 Loan to the new senior loans that would far exceed $19 million.

132. Defendants' active misrepresentations and concealment of facts is further demonstrated by, among other things, Defendants' lies to Plaintiffs and concealment of the books and records that Plaintiffs, as limited partners, are entitled to inspect.

133. When deciding to invest in the Project, Plaintiffs justifiably relied on Defendants' false statements and omissions, believing that the EB-5 Loan was secured by the EB-5 Deed of Trust against the Land that would only be subordinated to a potential senior loan up to $19 million. These were material misrepresentations and omissions.

134. Plaintiffs are purchasers of securities and Defendants are sellers of securities. Defendants not only held title to the security before it passed to Plaintiffs, but they also played a substantial role in persuading Plaintiffs to buy the security.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
(206) 428-3250

135.     Defendants' misrepresentations and omissions proximately caused Plaintiffs' injuries and loss because Plaintiffs would not have invested in the Project but for these misrepresentations and omissions.

136.     These material misrepresentations and omissions also cut to the very core of the risk of loss Plaintiffs would face in this investment as stated in the Offering Materials.

137.     As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in an amount in excess of $550,000 for each Plaintiff, plus interest, attorneys' fees, and costs, and any other relief as provided by law.

**COUNT VI**
**DIRECT CLAIM FOR CIVIL CONSPIRACY**
**(Against All Defendants)**

138.     Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

139.     The Defendants entered into a conspiracy to defraud Plaintiffs and to breach their fiduciary duties.

140.     As set forth above, each of the Defendants has taken actions in furtherance of this conspiracy.

141.     Plaintiffs have been harmed by this conspiracy in an amount to be determined at trial, but in no event less than $550,000 each.

**COUNT VII**
**VIOLATION OF RCW 19.86.020**
**(Against All Defendants)**

142.     Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

143.     Each of the individual Plaintiffs, a natural person, paid a $500,000 capital contribution and $50,000 administration fee, totaling $5.5 million, to invest in the Partnership.

144.     Plaintiffs' investment money all came from their personal funds.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
Ph (206) 428-3250

1   145. Plaintiffs made their investments in connection with their green card

2   applications under the EB-5 Program.

3   146. Defendants were engaged in the conduct of trade or commerce when they

4   solicited each of Plaintiffs' investments in the Project and caused, by their misrepresentations,

5   fraud, and other misconduct described herein, each of the Plaintiffs to invest their personal

6   funds into the Project.

7   147. Defendants' misconduct, as described herein, undermined Plaintiffs' purpose

8   for investing their personal funds into the Partnership.

9   148. Specifically, Defendants, under the common control of Michael Christ,

10  misrepresented that the EB-5 Loan would be secured by the EB-5 Deed of Trust against the

11  Land, that the EB-5 Loan would only be subordinated to a future senior loan of no more than

12  $19 million, and that Defendants' equity would be subordinate to the EB-5 Loan.

13  149. Defendants concealed from Plaintiffs their plan to withdraw funds from the

14  Project after refinance, replace the withdrawn funds with senior loans, and subordinate the

15  EB-5 Loan to the new senior loans that would far exceed $19 million.

16  150. Defendants created and circulated the Offering Documents to Plaintiffs and

17  other foreign individuals with the intent to induce them to invest into the Partnership.

18  151. Defendants' actions described herein constitute deceptive acts or practices,

19  and a violation of RCW 19.86.020.

20  152. Defendants circulated the Offering Documents to the public, and therefore

21  their deceptive acts impact the public interest.

22  153. As a direct and proximate result of Defendants' deceptive acts, Plaintiffs have

23  been damaged in an amount in excess of $550,000 for each Plaintiff, plus interest, attorneys'

24  fees, and costs, and any other relief as provided by law.

25  154. Under RCW 19.86.090, Plaintiffs are entitled to treble damages, plus

26  reasonable attorneys' fees together with the costs of suit.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
(206) 428-3250

24-01519-FPC11    Doc 155    Filed 01/22/25    Entered 01/22/25 09:28:58    Pg 20 of 23

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that the Court enter a judgment against Defendants, and each of them either individually or jointly and severally, as follows:

(i)     For Count I, compensatory damages for fraud in an amount exceeding $550,000 for each Plaintiff, or $38.5 million for all Plaintiffs, plus interest;

(ii)    For Count II, compensatory damages for breach of fiduciary duties in an amount exceeding $550,000 for each Plaintiff, or $38.5 million for all Plaintiffs, plus interest;

(iii)   For Count III, compensatory damages for aiding and abetting breach of fiduciary duties in an amount exceeding $550,000 for each Plaintiff, or $38.5 million for all Plaintiffs, plus interest;

(iv)    For Count IV, an order requiring Defendants to produce the documents and information requested by Plaintiffs, and an award of attorneys' fees;

(v)     For Count V, compensatory damages for securities fraud in an amount exceeding $550,000 for each Plaintiff, or $38.5 million for all Plaintiffs, plus interest;

(vi)    For Count VI, compensatory damages for civil conspiracy in an amount exceeding $550,000 for each Plaintiff, or $38.5 million for all Plaintiffs, and interest;

(vii)   For Count VII, compensatory damages for deceptive business practice in an amount exceeding $550,000 for each Plaintiff, or $38.5 million for all Plaintiffs, plus interest; and threefold damages; together with reasonable attorneys' fees and costs of suit under RCW 19.86.090;

(viii)  An accounting;

(ix)    A constructive trust;

(x)     Disgorgement of profits;

(xi)    Costs and attorneys' fees; and

(xii)   Such other relief as the Court may deem just and reasonable.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
Ph. (206) 428-3250

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all causes of action, claims, or issues in this action that are triable to a jury as a matter of right.

DATED: _____, 2025.

**REID & WISE LLC**

By_____
Matthew Sava (admitted *pro hac vice*)
Shiyong Ye (admitted *pro hac vice*)
Zheng Gao (admitted *pro hac vice*)
One Penn Plaza, Suite 2015
New York, NY 10119
Phone: (212) 858-9968
Fax:    (516) 821-8978
sava@reidwise.com
sye@reidwise.com
zgao@reidwise.com

**ARETE LAW GROUP PLLC**

By_____
Jeremy E. Roller, WSBA No. 32021
Lisa M. Herb, WSBA No. 23161
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jroller@aretelaw.com
lherb@aretelaw.com

*Attorneys for Plaintiffs*

THIRD AMENDED COMPLAINT
Case No, No. 24-2-04850-2 - Page 22

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
Ph: (206) 428-3250

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

**MORROW NI LLP**

Angus F. Ni
502 Second Avenue, 14th Floor
Seattle, WA 98104
angus@moni.law

☒ E-mail
☐ U.S. Mail
☐ E-filing

*Attorney for Defendants Michael Christ; Seattle Family, LP; Southport Management LLC; Hotel at Southport, LLC; Twelfth Floor, LLC; 1 Min, LLC; and, Seco Development, Inc.*

Dated this _____th day of _____, 2025 in Seattle, Washington.

_____
Kaila Greenberg
Legal Assistant

THIRD AMENDED COMPLAINT
Case No, No. 24-2-04850-2 - Page 23

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
Ph (206) 428-3250